UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULHAMID
MOHAMED AUN,

              Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY
ADMINISTRATION,

              Defendant.

_____/

Case No. 3:19-cv-11143
District Judge Robert H. Cleland
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (ECF No. 11), GRANT DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 12) and AFFIRM THE
COMMISSIONER'S DECISION**

**I.**    **RECOMMENDATION**:  For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary

judgment (ECF No. 11), **GRANT** Defendant's motion for summary judgment

(ECF No. 12), and **AFFIRM** the Commissioner's decision.

**II.**    **REPORT**

       Plaintiff, Abdulhamid Mohamed Aun, brings this action under 42 U.S.C. §§

405(g) and/or 1383(c)(3) for review of a final decision of the Commissioner of

Social Security ("Commissioner") denying his applications for supplemental

security income (SSI) and disability (DI) benefits.  This matter is before the United

States Magistrate Judge for a Report and Recommendation on Plaintiff's motion

for summary judgment (ECF No. 11), the Commissioner's cross-motion for

summary judgment (ECF No. 12), and the administrative record (ECF No. 8).

### A.    Background and Administrative History

Plaintiff filed his applications in August 2016, alleging that his disability

began on January 1, 2016, at the age of 40.  (R. at 168, 175.)  In his disability

report, he lists several conditions (severe depression, anxiety, panic attacks,

fatigue, lack of sleep, right and left shoulder injuries, migraine headaches) as

limiting his ability to work.  (R. at 204.)  His applications were denied in

December 2016.  (R. at 55-88.)

Plaintiff requested a hearing by an Administrative Law Judge ("ALJ").  (R.

at 89-90.)  On May 16, 2018, ALJ John Rabaut held a hearing, at which Plaintiff

and a vocational expert (VE), Luann Castellana, testified.  (R. at 32-54.)  On July

5, 2018, ALJ Rabaut issued an opinion, which determined that Plaintiff was not

disabled within the meaning of the Social Security Act.  (R. at 15-31.)

Plaintiff submitted a request for review of the hearing decision.  (R. at 166-

167.)  However, on February 19, 2019, the Appeals Council denied Plaintiff's

request for review.  (R. at 1-6.)  Thus, ALJ Rabaut's decision became the

Commissioner's final decision.

Plaintiff timely commenced the instant action on April 18, 2019.

**B.     Plaintiff's Medical History**

The administrative record contains approximately 480 pages of medical records, which were available to the ALJ at the time of his July 5, 2018 decision. (R. at 31, 257-736 [Exhibits 1F-9F].)  Of particular note are Henry Ford Health System records dated September 2016 to April 2018.  (R. at 603-728 [Ex. 8F], R. at 729-736 [Ex. 9F]).

These materials will be discussed in detail, as necessary, below.

**C.     The Administrative Decision**

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since June 1, 2016, the amended alleged onset date (AOD).  (R. at 20-21, 39.)  At **Step 2**, the ALJ found that Plaintiff had the following severe impairments:  depressive disorder, generalized anxiety disorder, and obstructive sleep apnea.  (*Id*. at 21.)  At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id*. at 21-23.)  **Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[1] and determined that Plaintiff had the RFC:

---

[1] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations.

> . . . to perform a full range of work at all exertional levels but with the following nonexertional limitations:  He is limited to work that is simple, routine, and repetitive in nature, performed in a work environment free of fast paced production, involving only simple work related decisions, with few, if any, work place changes.  He can have occasional interaction with the general public and occasional interaction with coworkers.

(*Id*. at 23-26.)  At **Step 4**, the ALJ determined that Plaintiff was able to perform past relevant work as a maintenance landscape worker.  (*Id*. at 26.)  The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from January 1, 2016 (which is the original AOD), through the date of the decision.  (*Id*.)

### D.    Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under

---

20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec*., 276 F.3d 235, 239 (6th Cir. 2002).

this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or

deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting

*Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E.     Analysis

#### 1.     Plaintiff's brief does not clearly delineate the issues presented.

The Undersigned's social security practice guidelines specifically remind the

parties "of the requirement that all briefs must include an 'Issues Presented' page."

*See* www.mied.uscourts.gov.   As this Court's Local Rules provide, "[a] brief

supporting a motion or response must, at the beginning, contain a concise

statement of the issues presented and, on the following page, the controlling or

most appropriate authority for the relief sought. The brief may contain a table of

contents, an index of authorities, and an index of exhibits attached to the brief."

E.D. Mich. LR 7.1(d)(2) ("Form of Required Briefs.").   Also, the pages are not

numbered, as required by E.D. Mich. LR 5.1(a)(2).

Plaintiff's brief does not set forth the "Issues Presented."   Instead, for the

first fourteen pages, it summarizes the procedural history, Plaintiff's testimony, the

VE's testimony, and the standard of review.   (ECF No. 11-1, PageID.774-787.)

Then, the "Legal Analysis" section sets forth a page and a half of statutory,

regulatory or case law citations explaining the framework of Social Security Law

and what constitutes a disability, providing standards with which the Court is

already quite familiar.  (ECF No. 11-1, PageID.788-789; *see also* 42 U.S.C. §

423(d)(1)(A), 20 C.F.R. § 416.920(a), 20 C.F.R. § 404.1529(a).)

Eventually, in a total of thirteen lines of briefing, Plaintiff takes issue with

the ALJ's assignment of weight to two particular medical records (8F & 9F),

without any specific analysis.  He notes that "[t]he records are replete with

continuous diagnosis and treatment for depression and general anxiety disorder[,]"

and that his "depression was constantly in the range of moderately severe to

severe."  (ECF No. 11-1, PageID.789-790.)  Moreover, the references to Plaintiff's

"testimony and the description of his symptoms in the medical records" are

without citation.  (*Id*.)  Finally, in conclusory fashion, Plaintiff "contends that the

medical evidence as well as the testimony establishes his inability to engage in

substantial gainful activity and that his medical conditions are work preclusive."

(*Id*., PageID.790.)

## 2.     Where the brief contains analysis, it is ill-developed.

As best as this Court can tell, Plaintiff's claims seem to concern the ALJ's

evaluation of opinion evidence (20 C.F.R. §§ 404.1527, 416.927) and symptoms

(20 C.F.R. §§ 404.1529, 416.929).  Still, the Court agrees with the Commissioner

that "Plaintiff fails to establish any legal error or a lack of substantial evidence in

the decision."  (ECF No. 12, PageID.798.)  "'[I]ssues adverted to in a perfunctory

manner, unaccompanied by some effort at developed argumentation, are deemed

waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'"  *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293–94 (1st Cir.1995) (citation omitted)).

In his three pages of "legal analysis," Plaintiff does not make even one single specific reference to Plaintiff's medical records.  (*See* ECF No. 11-1, PageID.788-790.)  Instead, he makes general references to two medical record exibits, which together constitute 134 pages, and Plaintiff's hearing testimony, which constitutes approximately fourteen pages of the transcript.  (R. at 35-48, 603-728 [Ex. 8F, 126 pages], 729-736 [Ex. 9F, 8 pages].)  "Indeed, a court need not make a party's case by scouring the various submissions to piece together appropriate arguments." *Hayes v. Comm'r of Soc. Sec*., No. 11-14596, 2013 WL 766180, at *7 (E.D. Mich. Feb. 4, 2013) (Hluchaniuk, M.J.) (citing *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995), *report and recommendation adopted*, No. 11-14596-DT, 2013 WL 773017 (E.D. Mich. Feb. 28, 2013) (Cleland, J.).  "And, the court is not obligated to make plaintiff's case for [him] or to 'wade through and search the entire record' for some specific facts that might support [his] motion." *Id*. (quoting *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989)).  <u>This is the epitome of an undeveloped argument</u>.

Moreover, this is not the first time Plaintiff's counsel has submitted ill-developed arguments on behalf of a social security client. *See Swank v. Comm'r of Soc. Sec.*, No. 18-13353, 2020 WL 1139717, at *4 (E.D. Mich. Mar. 9, 2020) (Davis, J.) ("Swank's fairly non-specific and underdeveloped arguments are inadequate to demonstrate that reversible error has occurred.  In fact, the ALJ's assessment of Swank's fibromyalgia is the only issue that is even partially developed by Swank in this matter.  The 'Argument' portion of Swank's twenty-five-page brief spans only two pages and primarily consists of perfunctory, over-generalized arguments and citations to law without any meaningful attempt at factual or legal analysis or citations to the record evidence."); *Getz v. Comm'r of Soc. Sec.*, No. CV 18-11625, 2019 WL 2710053, at *2 (E.D. Mich. June 10, 2019) (Stafford, M.J.) ("Although her brief contains a recitation of the procedural history, the testimony offered at hearing, the standard of review for disability cases, and the basic legal standards for evaluating pain and subjective symptoms in those cases, there is no meaningful attempt to apply the recited legal standards to the facts of this case."), *report and recommendation adopted*, No. 2:18-CV-11625, 2019 WL 2647260 (E.D. Mich. June 27, 2019) (Murphy, J.); *Hayes*, 2013 WL 766180, at *7 ("plaintiff's argument regarding the ALJ's consideration of her alcohol dependence is so undeveloped that it cannot be considered.").

Likewise here, the Court should deem waived Plaintiff's perfunctory, undeveloped argument.  *McPherson*, 125 F.3d at 995-996.

> ### 3.     The ALJ's RFC discussion expressly addresses Plaintiff's written statements and/or testimony, his mental health records, and the opinion evidence.

Notwithstanding the waiver argument, the Commissioner advocates that "the ALJ appropriately determined the RFC limitations caused by Plaintiff's depression and anxiety."  (ECF No. 12, PageID. 795; *see also id.*, PageID.794, 798.)  Stated otherwise, the Commissioner argues that "the ALJ's decision is supported by substantial evidence, and this Court should affirm it."  (*Id.*, PageID.800-804.) Plaintiff's "analysis" supplies no reason to doubt this.

Preliminarily, at Step 3, the ALJ found that Plaintiff had moderate limitations in "understanding, remembering, or applying information" and in "adapting or managing oneself," but he had mild limitations in "interacting with others" and with regard to "concentrating, persisting, or maintaining pace."  (R. at 21-22.)  Then, within the RFC determination, the ALJ reviewed Plaintiff's "written statements and/or testimony," and his medical records and also assigned little weight to the mental assessment of state agency psychological consultant Ruqiya Tareen, M.D. (R. at 67-68) and great weight to the psychological assessment of consultative examiner, Hugh D. Bray, Ph.D. (R. at 311-315).  (R. at 23-26.)  As a result of Plaintiff's "psychological conditions and his respiratory impairment," the

ALJ found that Plaintiff was "unable to perform skilled work" and "restricted to unskilled work with the stated mental limitations[,]" *i.e.*,

> He is limited to work that is simple, routine, and repetitive in nature, performed in a work environment free of fast paced production, involving only simple work related decisions, with few, if any, work place changes. He can have occasional interaction with the general public and occasional interaction with coworkers.

(R. at 23-24.)

To the extent Plaintiff argues that "ALJ Rab[a]ut did not give proper weight to the extensive medical records in 8F and 9F[,]" (ECF No. 11-1, PageID.789), *i.e.*, the Henry Ford Health System records, the ALJ's RFC discussion is littered with references to Exhibit 8F. (R. at 24-25, 609, 610, 611, 623, 627, 628, 642, 650, 654, 656, 657, 660, 666, 667, 672, 684, 695, 707, 718, 725.) Moreover, even if the ALJ did not expressly cite Exhibit 9, which consists of the October 12, 2017 visit summary from Cindy Devassey, M.D. (R. at 729-730) and the April 12, 2018 notes from Henry Ford Fairlane Emergency regarding chest pain and anxiety disorder (R. at 731-736), Dr. Devassey's October 12, 2017 progress notes are within Exhibit 8F (*see* R. at 654-659) and were expressly cited by the ALJ within the RFC discussion. As for the April 12, 2018 emergency notes, not only did the ALJ expressly cite to HFHS records from April 2, 2018 (R. at 25, 725), but, perhaps more importantly, an ALJ need not cite each and every piece of evidence. *Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 855 (6th Cir. 2011) (an ALJ "is not

required to analyze the relevance of each piece of evidence individually.");

*Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citing

*Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999))

("While it might be helpful for an ALJ to articulate his reasons for crediting or

discrediting each ... opinion, it is well settled that 'an ALJ can consider all the

evidence without directly addressing in his written decision every piece of

evidence submitted by a party.'"); *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th

Cir. 2004) ("[A]n ALJ is not required to discuss all the evidence submitted, and an

ALJ's failure to cite specific evidence does not indicate that it was not

considered.") (citation omitted); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d

528, 535 (6th Cir. 2001) ("The ALJ Did Not Commit Reversible Error By Not

Explicitly Considering Dr. Haun's Report[.]").  Also, an ALJ's decision cannot be

reversed merely because there exists some other evidence in the record that might

support a different conclusion.  *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d

830, 833 (6th Cir. 2006) ("The findings of the Commissioner are not subject to

reversal merely because there exists in the record substantial evidence to support a

different conclusion….  This is so because there is a 'zone of choice' within which

the Commissioner can act without the fear of court interference.") (citation

omitted); *see also Biestek*, 880 F.3d 778, 783 (6th Cir. 2017) ("[A] decision

supported by substantial evidence must stand, even if we might decide the question

differently based on the same evidence."). Finally, Plaintiff's woefully undeveloped argument essentially asks the Court to *reweigh* the evidence. This, the Court cannot do. "Our task is not to reweigh the evidence. That is solely the province of the Secretary." *Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) (citing *Wokojance v. Weinberger*, 513 F.2d 210 (6th Cir. 1975)); *see also Haun v. Comm'r of Soc. Sec.*, 107 Fed.Appx. 462, 465 (6th Cir. 2004) ("We may not reweigh conflicting evidence on appeal, but instead must affirm Judge Davis's decision because substantial evidence supports it.").

Likewise, to the extent Plaintiff argues that Plaintiff's "testimony and the description of his symptoms in the medical records clearly establish severe limitations in his ability to engage in substantial activities that are required for work[,]" (ECF No. 11-1, PageID.789-790), the ALJ's RFC analysis makes some references to the hearing transcript (*see* R. at 32-54) and Plaintiff's function report (*see* R. at 211-218), even if not by page number. (R. at 23, 25.) More to the point, the ALJ's decision to discount Plaintiff's subjective allegations (*see* R. at 24) must be given deference, as the ALJ was not required to accept Plaintiff's subjective allegations at face value. *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) ("an administrative law judge's credibility findings are virtually 'unchallengeable.'") (citing *Payne v. Comm'r of Soc. Sec.,* 402 F. App'x 109, 112–113 (6th Cir. 2010)).

### F.    Conclusion

Although Plaintiff seems to take issue with the manner in which the ALJ weighed the evidence, evaluated the opinion evidence and/or evaluated Plaintiff's subjective allegations, Plaintiff has not established a more restrictive RFC than that found by the tribunal – a burden that is his to meet. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."). Plaintiff has not shown legal error that would upend the ALJ's decision.  For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 11), **GRANT** Defendant's motion for summary judgment (ECF No. 12), and **AFFIRM** the Commissioner of Social Security's decision.  Plaintiff's counsel is hereby warned that such perfunctory efforts, as demonstrated here and in the cases cited above, do not show proper respect for judicial economy or the needs of the client, and may result in sanctions or disciplinary action by the Court if substantial improvement is not shown in the future.

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  August 3, 2020                    s/*Anthony P. Patti*
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE